UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HECTOR LOPEZ,<br><br>    Petitioner,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Respondents. | Case No. 23-cv-06462-VKD<br><br>**ORDER OF DISMISSAL FOR LACK OF JURISDICTION; TERMINATING MOTION**<br><br>Re: Dkt. No. 11 |

Petitioner Hector Lopez filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his prolonged civil immigration detention at the Golden State Annex ("GSA") violates his constitutional rights. Dkt. No. 1 ¶¶ 1-2. Mr. Lopez names several Respondents, including the Field Office Director of the United States Immigration and Customs Enforcement ("ICE") located in San Francisco. *Id.* ¶ 16. He alleges that he is "detained in this District," and that the Northern District of California is the proper venue for this action. *Id.* ¶ 12.

The Court found the petition stated a cognizable due process claim and ordered Respondent to answer. Dkt. No. 6. Respondent filed a motion to dismiss the petition as moot because Mr. Lopez has been released from detention and removed from the United States. Dkt. No. 11. Mr. Lopez has not filed a response.

The Ninth Circuit's recent decision in *Doe v. Garland*, No. 23-15361, -- F.4th --, 2024 WL 3561360 (9th Cir. July 29, 2024), makes clear that the proper respondent for a § 2241 petition is the warden of the facility where the prisoner is being held. In reversing the district court's decision in *Doe*, the Ninth Circuit held the district court erred in exercising jurisdiction over the petitioner's § 2241 petition because he failed to name his immediate custodian as the respondent.

1  *Id.* at *8.  *Doe* also makes clear that for a § 2241 petition, "jurisdiction lies in only one district: the
2  district of confinement."  *Id.* at *9 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also*
3  *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759-60 (9th Cir. 2020) (applying the district of
4  confinement rule to a § 2241 petition involving a non-citizen's challenge to his immigration
5  detention).

6  Unlike the petitioner in *Doe*, Mr. Lopez correctly named his immediate custodian, Warden
7  M. Wofford, as a respondent.  Dkt. No. 1 ¶ 17.  However, like the petitioner in *Doe*, at the time he
8  filed his petition, Mr. Lopez was confined at GSA in McFarland, California, which (contrary to
9  Mr. Lopez's petition) is located in the Eastern District of California.  *See id.* ¶ 1; Dkt. No. 1-1 at 1;
10 *Doe*, 2024 WL 3561360 at *1.  Thus, under *Doe*, this Court lacks jurisdiction over Mr. Lopez's §
11 2241 petition.  The only district that has jurisdiction over the petition is the Eastern District of
12 California, where GSA is located and where Mr. Lopez was confined at the time of filing.

13 Where a case is filed in the wrong division or district, the Court "shall dismiss, or if it be in
14 the interest of justice, transfer such case to any district or division in which it could have been
15 brought."  *See* 28 U.S.C. § 1406(a).  While Mr. Lopez could have filed his § 2241 petition in the
16 Eastern District of California, Respondents' unopposed motion to dismiss indicates that Mr. Lopez
17 has been removed from the United States.  Dkt. No. 11.  Accordingly, the Court finds that
18 dismissal of the action is appropriate because transfer of the petition to the Eastern District of
19 California would serve no interest.

20 For the foregoing reasons, this petition is dismissed for lack of jurisdiction.  *See* 28 U.S.C.
21 § 2241(a).  Respondent's motion to dismiss shall be terminated as moot.  Dkt No. 11.

22 This order terminates Docket No. 11.

23 The Clerk shall close the file.

24 **IT IS SO ORDERED.**

25 Dated: August 16, 2024

Virginia K. DeMarchi
United States Magistrate Judge

2